**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| IN RE: | : | **Case No. 11 - 79018 - dte** |
| **JOSEPH CASANO,** | : | **Chapter 7** |
| Debtor. | : | **Judge Dorothy T. Eisenberg** |
| **JOSEPH CASANO,** | : | |
| **Plaintiff,** | : | |
| vs. | | **Adv. Pro. No.:  12 - 08005 - dte** |
| | : | |
| **INTERNAL REVENUE SERVICE AS** | | |
| **AGENT OF U.S.A. and NYS DEPART-** | : | |
| **MENT OF TAXATION AND FINANCE,** | | |
| | : | |
| **Defendant.** | | |
| | : | |

**DEFENDANT UNITED STATES' MEMORANDUM**
**IN OPPOSITION TO PLAINTIFF'S**
**MOTION FOR SUMMARY JUDGMENT AND IN**
**SUPPORT OF ITS**
**CROSS-MOTION FOR SUMMARY JUDGMENT**

The defendant, United States of America, named and sued as the Internal Revenue

Service ("IRS") as Agent of U.S.A. ("United States"), through undersigned counsel, respectfully

submits this opposition to plaintiff's motion for summary judgment and in support of its cross-

motion for summary judgment pursuant to Fed.R.Bank.P. 7056, which incorporates Fed. R. Civ.

P. 56.  The United States is entitled to a judgment as a matter of law ruling that the income taxes

assessed against plaintiff Joseph Casano, ("Casano" or "plaintiff") on October 25, 2004, in the

amount of $42,146.60, as abated, and on September 12, 2005, in the amount of $48,983.00, as

abated, for the 2001 and 2002 taxable years, respectively, plus interest thereon, are excepted

from discharge under 11 U.S.C. § 523(a)(1)(B)(i).

# I. FACTS

The defendant United States disputes several facts contained in Plaintiff's Separate Statement of Undisputed Facts, and submits the following relevant facts.  Casano failed to timely file his income tax returns for the taxable years 2001 and 2002.  (Plaintiff's Separate Statement of Undisputed Facts ("Pl. R. 7056-1 Stmt."), ¶ 1).  As a result, the IRS conducted an examination pursuant to the IRS's Taxpayer Delinquency Investigation procedures and issued statutory Notices of Deficiency pursuant to 26 U.S.C. §§ 6211-13 for the 2001 and 2002 income tax years. (United States' Statement of Undisputed Facts ("USA R. 7056-1 Stmt."), at ¶¶ 11-17, 18-20, 27-29).  The IRS then assessed tax liabilities for the 2001 tax year on October 25, 2004 and for the 2002 tax year on September 12, 2005, based on the unchallenged Notices of Deficiency, pursuant to 26 U.S.C. § 6213(c), not on filed returns.  (USA R. 7056-1 Stmt. at ¶¶ 17, 20, 26, 229, 35).

When Casano failed to pay the assessments, the IRS sent him Notices of Intent to Levy in July, 2006.  (USA R. 7056-1 Stmt., ¶¶ 24, 33).  Casano then submitted Forms 1040 for tax years 2001 and 2002 to the IRS in August, 2006.  (USA R. 7056-1 Stmt. at ¶¶ 21, 30.  The IRS posted the Forms 1040 to its computer system with a code that specified that they were not "filed" returns that would have caused an assessment of the tax.  (USA R. 7056-1 Stmt. at ¶¶ 22, 31).  Upon review of the Forms 1040 secured from Casano, the IRS abated Casano's liability for the 2001 tax year by $48,882.00 and by $35,462.00 for the 2002 tax year.  (USA R. 7056-1 Stmt. at ¶¶ 23, 32).

Casano is liable for unpaid balances, after applying all payments and credits, for tax in the amount of $42,146.70 for the 2001 tax year and for tax in the amount of $48,983.00 for the 2002 tax year; in addition to statutory additions that continue to accrue from and after April 15,

2002 and April 15, 2003, respectively.  (USA  R. 7056-1 Stmt. at ¶¶ 25, 34).

On December 29, 2011, Casano filed this underlying Chapter 7 Bankruptcy petition and the instant adversary proceeding was filed on January 6, 2012.  (USA  R. 7056-1 Stmt., ¶¶ 5-7, and Pl. R. 7056-1 Stmt., ¶ 5).  The United States filed its answer to the adversary complaint on February 8, 2012.  (USA  R. 7056-1 Stmt., ¶ 9).  The court granted Casano a discharge under 11 U.S.C. § 727 on April 4, 2012.  (USA  R. 7056-1 Stmt., ¶ 10).

## II.  STANDARDS FOR SUMMARY JUDGMENT

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is proper if the materials in the record, including "depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials" show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a) and (c).  In ruling on a motion for summary judgment, the court is to construe all justifiable inferences in favor of the non-movant.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).  A genuine issue of fact exists only where the evidence is such that a reasonable jury could find for the non-movant.  *See United Transp. Union v. National R.R. Passenger Corp.,* 588 F.3d 805, 809 (2d Cir.  2009).

## III. DISCUSSION

### A.  Introduction

The plaintiff, Joseph Casano, seeks a determination under 11 U.S.C. § 523(a)(1) of the dischargeablity of income taxes assessed against him for the 2001 and 2002  taxable years.[1]  The defendant, United States of America, asserts that the assessed taxes and interest on the taxes for

---

[1]/Although plaintiff included a request in his adversary complaint that his income tax liability for the 2010 taxable year be declared dischargeable, the parties have stipulated that the debts for taxes, penalties and interest for that year are excepted from discharge pursuant to 11 U.S.C. §§ 523(a)(1)(A) and (7).

the 2001 and 2002 taxable years are excepted from discharge pursuant to 11 U.S.C. § 523(a)(1)(B)(i).

The plaintiff claims that the Forms 1040, U.S. Individual Income Tax Returns, submitted to the IRS in 2006 for the 2001 and 2002 taxable years constitute "returns" within the definition set forth in the flush language of 11 U.S.C. § 523(a) and the tax debts are not excepted from discharge under 11 U.S.C. § 523(a).  Plaintiff's Affirmation in Support of Motion for Summary Judgment, ¶¶ 10-11. The United States maintains that the income taxes assessed on October 25, 2004, and September 5, 2005, for Casano's 2001 and 2002 taxable years, respectively, and interest thereon, are excepted from discharge because they represent debts for a tax with respect to which "returns" were not filed within the meaning of 11 U.S.C. § 523(a)(1)(B)(i) .

### B.  Argument

A debtor who complies with all requirements under Chapter 7 of the Bankruptcy Code is entitled to receive a general discharge.  11 U.S.C. § 727.  The discharge, however, is subject to specific exceptions set forth in Section 523 of the Bankruptcy Code.  Section 523(a), as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), provides, in pertinent part, that:

> (a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt--
>
>> (1) for a tax or a customs duty--
>>        ...
>>      (B) with respect to which a return, or equivalent report or notice, if required--
>>
>>>          (i) was not filed or given....
>
> For purposes of this subsection, the term 'return" means a return that satisfies the requirements of applicable nonbankruptcy law (including applicable filing requirements).  Such term includes a return prepared pursuant to section 6020(a) of the Internal Revenue Code of 1986, or similar State or local law, or written stipulation to a

judgment or a final order entered by a nonbankruptcy tribunal, but does not include a return made pursuant to section 5020(b) of the Internal Revenue Code of 1986, or a similar State or local law.

11 U.S.C. § 523(a). The BAPCPA amendments added the final flush language to this

subsection, sometimes also referred to as the "hanging" paragraph.

The narrow issue before the Court, therefore, is whether the plaintiff's assessed income

tax debts for 2001 and 2002 are dischargeable under Section 523(a)(1)(B)(i), even though the

plaintiff's Forms 1040 were not submitted to the IRS until *after* the IRS had made the

assessments for these tax years. Put in the language of Section 523, do these income tax debts

represent a "debt . . .for a tax . . .  with respect to which a return, or equivalent report or notice, if

required, [] was not filed or given?"  11 U.S.C. § 523(a)(1)(B)(i).  The Bankruptcy Code defines

"debt" as "liability on a claim."  11 U.S.C. § 101(12).  A "claim" means a "right to payment,

whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent,

matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured."  11 U.S.C.

§ 101(5)(A).  A "right to payment" is an "enforceable obligation."  *Cohen v. De La Cruz (In re*

*Cohen),* 523 U.S. 213, 218 (1998).  An assessment "is the official recording of liability that

triggers levy and collection efforts."  *Hibbs v. Winn*, 542 U.S. 88, 101 (2004).  *See, also*, 26

U.S.C. §§ 6203, 6211-6216.  In this case, the plaintiff's tax debts for 2001 and 2002 were based

on defaulted deficiency assessments made by the IRS on October 25, 2004 and on September 12,

2005, respectively, and not on the plaintiff's Forms 1040, which were not submitted to the IRS

until 2006.  The deficiency assessments formed the basis for the IRS's right to collect the taxes.

26 U.S.C. § 6213(c).  Thus, as soon as the IRS had assessed the unpaid taxes, the tax debt was

determined and the exception to discharge became fixed because, at that time, no returns had

been filed.  11 U.S.C. § 523(a)(1)(B)(i).  Applying this analysis, there is no need to parse

whether the Forms 1040 plaintiff submitted subsequent to the assessment were "returns."

*Accord*, *Wogoman v. IRS (In re Wogoman)*, Docket No. 11-01117, Slip Op. 2011 WL 3652281

(Bkrtcy. D. Colo. Aug. 19, 2011); *Smythe v. United States (In re Smythe)*, Docket No. 11-04077,

Slip Op.  2012 WL 843435, (Bkrtcy. W.D. Wash. March 12, 2012).

      In the alternative, a broader analysis based upon the flush paragraph language added by

BAPCPA will lead to an identical result in this case.  The flush language specifically excludes

from the definition of "return" any tax return that does not "satisfy the requirements of

applicable nonbankruptcy law (including applicable filing requirements)" and returns made by

the IRS under 26 U.S.C. § 6020(b).   Thus plaintiff's returns, submitted after the IRS was forced

to use the deficiency procedures because the plaintiff failed to self-assess the taxes, do not satisfy

the statutory requirements.[2]  *In re McCoy*, 666 F.3d 924 (5th Cir 2012)(interpreting state tax law);

*Shinn v. IRS (In re Shinn)*, Slip Op. 2012 WL 986752 (Bkrtcy. C.D. Ill.);  *Hernandez v. United*

*States (In re Hernandez)*, 2012 WL 78668 (Bkrtcy. W.D. Tex.).

---

[2]Although the IRS posted a "dummy return" to its computer system, such an entry "is not a 'return' within the purview of Section 523(a)(1)(B)."  *In re Driscoll*, 379 B.R. 415 (D. Conn. 2008) (citing cases).  It is also not a return under 26 U.S.C. § 6020(a) or (b).  A § 6020(a) return is actually signed by the taxpayer. 26 U.S.C. § 6020(a).  A § 6020(b) return is very different from the forms used in the instant case.  Section 6020(b) returns contain tax information and are signed (or subscribed) by the Secretary or his delegate.  Treas. Reg. § 301.6020-1(b)2 ( 26 C.F.R.).  Section 6020(b) is used by the IRS for nondeficiency notice taxes (*e.g*., employment taxes and excise taxes). When preparing a § 6020(b) return, the IRS completes a tax form by putting on that form the taxpayer's identifying information and all of the information available to the IRS which is needed to compute the tax liability.   Once that has been done, the form is signed by the Secretary's delegate and becomes a valid return "prima facie good and sufficient for all purposes."  26 U.S.C. § 6020(b)(2).  The tax can then be immediately assessed and a notice and demand may be sent to the taxpayer.  The Internal Revenue Code prohibits the use of this process in the determination of an income (or estate or gift) tax liability because the IRS must follow the deficiency procedures (26 U.S.C. §§ 6211 - 6216) and give the taxpayer the opportunity to go to United States Tax Court before the tax can be assessed.  26 U.S.C. § 6020(b)(1); 26 C.F.R. § 301.6020–1(b)(4).

Plaintiff, citing pre-BAPCPA authority, argues that Forms 1040 submitted after the IRS's assessment should be considered "returns" that satisfy the requirements of applicable nonbankruptcy law and provide a sufficient basis for dischargeability under Section 523(a)(1). Affirmation in Support of Motion for Summary Judgment, ¶¶ 13-18, *citing In re Colson*, 446 F.3d 836 (8th Cir. 2006)(applying pre-BAPCPA statute).  Plaintiff correctly noted that the Second Circuit had not ruled on this issue and that there was a split between the circuit courts, but failed to alert the Court that the *Colson* decision was the minority position among the circuit courts that had ruled on the issue. *Id.*, ¶ 12.  Indeed, the Fourth, Sixth, Seventh and Ninth Circuits had, under pre-BAPCPA law, held that debts for which debtors have filed returns late, and after assessment by the IRS, did not qualify as "returns" under Section 523(a)(1)(B) and thus, were not dischargeable. *In re Hindenlag*, 164 F.3d 1029 (6th Cir. 1999), *cert. denied*, 528 U.S. 810 (1999); *In re Payne*, 431 F.2d 1055 (7th Cir. 2005); *In re Moroney*, 352 F.3d 902 (4th Cir. 2003); *In re Hatton*, 220 F.3d 1057 (9th Cir. 2000).  Applying applicable nonbankruptcy law to determine whether a return was valid, these courts adopted the four prong test set forth in *Beard v. Commissioner*, 82 T.C. 766 (1984), *aff'd*, 793 F.2d 139 (6th Cir. 1986).  The *Payne, Hatton, Hindenlag* and *Moroney* courts all determined that "returns" submitted after the IRS had assessed the tax, did not show "an honest and reasonable endeavor to satisfy the law" as required by the fourth prong in *Beard*.  The *Payne* court explained that

> what is certain is that the belated filing was not a reasonable effort to satisfy the requirements of the tax law, namely, the requirements of filing a timely return and paying the amount of tax calculated on the return. When Payne filed, the IRS had already calculated the tax due from him, which meant that he had succeeded in defeating the main purpose of the requirement that taxpayers file income-tax returns: to spare the tax authorities the burden of trying to reconstruct a taxpayer's income and income-tax liability without any help from him.  A return filed after the authorities have borne that burden does not serve the purpose of the filing requirement.

-7-

*Payne*, 431 F.3d at 1057.

In this case, there is no dispute that the tax debts for 2001 and 2002 were based on defaulted deficiency assessments made on October 25, 2004, and on September 12, 2005, respectively, by the IRS, and are not based on Forms 1040 filed by the plaintiff. There is also no dispute that the plaintiff submitted the Forms 1040 to the IRS in 2006, after the IRS had begun collection activity by issuing notices of intent to levy and filing notices of federal tax liens. Thus, under the pre-BAPCPA majority view, the plaintiff's Forms 1040 would not be considered "returns" for purposes of Section 523(a)(1) because the purpose of the filing, to generate a self-assessed tax and spare the IRS the "burden of trying to reconstruct a taxpayer's income and income-tax liability without any help from him" was not met. *Payne*, *id.* Accordingly, even under the pre-BAPCPA authority offered by plaintiff, we respectfully submit that the better analysis is that the late-filed Forms 1040 submitted by the plaintiff to the IRS after the IRS had already assessed the tax and initiated collection efforts, did not meet the definition of "return" for the purposes of Section 523.

This case does not require the Court to address the broader question as to whether any part of an assessed tax debt is ever dischargeable for a tax year for which the debtor filed a late Form 1040 and for which the assessment is based upon the Form 1040. The United States maintains that a Form 1040 is not disqualified as a "return" under Section 523(a) merely because it is filed late; if an assessment is made based upon a return filed by the taxpayer and not the deficiency procedures, then the Form 1040 should be treated as a "return" for purposes of Section 523(a). As indicated in IRS Notice CC-2010-016, the United States' position is that a tax assessed as a result of a late-filed return, rather than a deficiency notice, is dischargeable under Section 523(a)(1)(B)(i). The United States submits that the Fifth Circuit, in *McCoy*, and

cases that follow it, misconstrued "applicable filing requirements" in the context of Section 523. *McCoy's* harsh reading of the statute, that all tax debts are non-dischargeable if a return is filed late, is not the only reasonable interpretation of the flush language.  Prior to the enactment of BAPCPA, nonbankruptcy law focused on numerous factors to determine if a document was a return.  For example, the document would be considered a "return" if it contained numbers and other information sufficient to allow determination of the correct amount of tax, "it was submitted to the right agency, at the right address, with the right tax identification numbers, with the requisite signatures, and subject to penalties of perjury/false filing . . ."  Final Report of The Tax Advisory Committee to the National Bankruptcy Review Commission (August 1997), Appendix F1 to the Final Report of the National Bankruptcy Review Commission (August 1997), Section 1, end of ¶ 441.  Accessed on March 5, 2012 at http://govinfo.library.unt.edu/nbrc/reportcont.html.  This Committee discussion, in the context of § 1308, serves to illustrate that numerous factors other than the time the return is filed, help define a "return."   The  pre-BAPCPA cases that defined "return" at the intersection of the Tax Code and the Bankruptcy Code dischargeability provisions, also recognized the importance of promoting and reinforcing the requirement that taxpayers self-file their returns, as the foundation of our tax system.  Prior to BAPCPA, an assessment based upon a late-filed return was always treated as a "return" and had a specific provision dealing with the dischargeability of this type of debt.  *See* 11 U.S.C. § 523a(1)(B)(ii)(two-year late-filed rule).  BAPCPA does not clearly change this result and such a drastic change should not be inferred.  *Hindenlag*, 164 F.3d at 1033, *citing Commissioner v. Lane-Wells*, 321 U.S. 219, 223 (1944).

With these cases as the backdrop of the BAPCPA Section 523 amendment, a reasonable interpretation of the flush paragraph language is that Courts should review all the factors that

determine if a return is valid before ruling that a tax is dischargeable.  When a case presents facts showing a taxpayer has filed a return late which allows the IRS to assess the tax prior to undertaking a deficiency investigation, we submit that it will be proper to find the tax assessed pursuant to that late-filed return is a debt with respect to which a "return" was filed.  *Accord*, *Smythe*, Slip Op.,  pg. 7.

### C.  Conclusion

Based upon the above facts and arguments, the defendant is entitled to summary judgment holding that the income taxes assessed against the plaintiff for the 2001 and 2002 tax years are excepted from discharge.

Respectfully submitted,

KATHRYN  KENEALLY
Assistant Attorney General
Tax Division, U.S. Department of Justice

*s/ Sarah T. Mayhew*
SARAH T. MAYHEW
Trial Attorney
Tax Division, U.S. Department of Justice
P.O. Box 55, Ben Franklin Station
Washington, DC 20044
Tel: 202-616-1929
Fax: 202-514-5238
Email: Sarah.T.Mayhew@usdoj.gov

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 16, 2012, I filed the foregoing Memorandum in Support of

Motion for Summary Judgment through the CM/ECF system, which will send notice to:

Heath S. Berger
Attorney for Plaintiff Joseph Casano
hberger@sfbblaw.com


*s/ Sarah T. Mayhew*
SARAH T. MAYHEW
Trial Attorney
Tax Division, U.S. Department of Justice