UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
In re:

JOSEPH CASANO,

               Debtor.

----------------------------------------------------------x
JOSEPH CASANO,

               Plaintiff,

    - against -

INTERNAL REVENUE SERVICE as an
agent of the UNITED STATES OF
AMERICA and New York State
DEPARTMENT OF TAXATION &
FINANCE,

               Defendants.
----------------------------------------------------------x

Case No. 8-11-79018-478

Chapter 7

Adv. Pro. No. 8-12-8005-478

## MEMORANDUM DECISION AND ORDER

Appearances:

    Steinberg, Fineo, Berger & Fischoof, PC
    *Attorneys for the Plaintiff*
    By: Heath S. Berger, Esq.
    40 Crossways Park Drive
    Woodbury, New York 11797

    Office of Chief Counsel, Internal Revenue Service
    *Attorneys for the Defendants*
    By: Theresa McQueeney, Esq.
    Special Assistant United States Attorney
    1600 Stewart Avenue, Suite 601
    Westbury, New York 11590

The Honorable Dorothy T. Eisenberg, United States Bankruptcy Court

Before the Court is the Plaintiff's motion for summary judgment seeking a determination that federal income taxes due and owing to the Defendant, United States of America, for tax years ending December 31 of 2001 and 2002 are dischargeable pursuant to 11 U.S.C. § 523(a)(1)(B) (the "Motion") and the Defendant's cross motion for summary judgment claiming that these taxes are excepted from discharge pursuant to 11 U.S.C. § 523(a)(1)(B) ("Cross-Motion"). The Court has jurisdiction pursuant to 28 U.S.C. § 1334(a) and (b). This contested matter is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (I), and (O) and 11 U.S.C. § 523. The following constitutes the Court's finding of fact and conclusions of law as mandated by Bankruptcy Rule 7052.

## FACTS

Plaintiff filed for chapter 7 bankruptcy relief on December 29, 2011 (the "Petition Date"). This is a no asset case and the last date to object to discharge was April 3, 2012.

Plaintiff asserted that due to business problems, Plaintiff failed to timely file his federal income tax returns or IRS Forms 1040 (the "Forms") for the 2001 and 2002 tax years. When no tax return was timely filed for those tax years, the United States Internal Revenue Service ("IRS") conducted an examination and issued statutory Notices of Deficiency. This is the routine practice and procedure performed whenever taxpayers fail to file tax returns. The IRS then assessed tax liabilities for the 2001 tax year on October 25, 2004 and for the 2002 tax year on September 12, 2005 based on the unchallenged Notices of Deficiency. When Plaintiff failed to pay the assessments, the IRS sent the Plaintiff Notices of Intent to Levy in July of 2006. Plaintiff subsequently filed his Forms for the 2001 and 2002 tax years in August of 2006. Upon

review of the Plaintiff's Forms, the IRS abated the Plaintiff's federal income tax liability (1) for the 2001 tax year by $48,882 and (2) for the 2002 tax year by $35,462.

Shortly after filing his petition for chapter 7 relief, Plaintiff commenced this adversary proceeding on February 7, 2012 seeking a determination that his income tax obligations to the United States and New York State Department of Taxation and Finance for the tax years ending December 31, of 2001, 2002 and 2010 should be discharged entirely on the basis that the tax returns for those years were timely filed or filed more than two years ago; that more than 3 years have expired since the filing of the relevant tax returns; and that the Plaintiff has not been assessed within 240 days prior to the Petition Date.

Defendant filed an Answer on February 8, 2012 denying that the income tax obligations at issue are dischargeable because the debt for the 2001 and 2002 tax years were assessed prior to the Plaintiff's filing of the Forms for those years and as such the assessments are debts for which a return was not filed within the meaning of 11 U.S.C. § 523(a)(1)(B)(I).  In addition, Defendant argued that the federal income tax liability for the 2010 tax year is a priority tax liability under 11 U.S.C. § 507(a)(8)(A)(i) which is nondischargeable pursuant to 11 U.S.C. § 523(a)(1)(A). The Plaintiff's federal income tax return for the 2010 year was filed on or about April 15, 2011, which is within 3 years of the Petition Date and the Plaintiff was assessed within 240 days of the Petition Date. Defendant does admit that the penalties for the 2001 and 2002 tax years are dischargeable.

Plaintiff then filed this Motion seeking a determination that the federal income taxes that may be owed to the United States for the 2001 and 2002 tax years fell within the exception to discharge under 11 U.S.C. § 523(a)(1)(B) because the federal income tax returns were filed more

than two years before the Petition Date.

Defendant, IRS, then filed its Cross-Motion objecting to the Plaintiff's Motion and seeks a determination that the income taxes assessed on October 25, 2004, and on September 12, 2005, for the 2001 and 2002 taxable years, respectively, plus interest, are excepted from discharge pursuant to 11 U.S.C. § 523(a)(1)(B). Defendant argues that the Plaintiff's tax liability for those years were based on defaulted deficiency assessments made by the IRS, and therefore, the liabilities are not based on the Plaintiff's late filed tax Form. It was the IRS's deficiency assessments which established the basis for its right to collect these taxes. As soon as the IRS assessed the unpaid taxes, the tax liabilities were determined and the exception to discharge became fixed because the Plaintiff had not yet filed any tax returns at the time of the assessments. Additionally, the Defendant argues that the tax Forms submitted by the Plaintiff for the 2001 and 2002 tax years do not comply with the definition of "return" as set forth in 11 U.S.C. § 523(a)(1)(B).

## DISCUSSION

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure as made applicable by Bankruptcy Rule 7056, the Court may award summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

> Summary judgment is appropriate . . . when, 'after drawing all reasonable inferences in favor of a non-movant, no reasonable trier of fact could find in favor of that party.' Where the plaintiff's claim must be established by clear and convincing evidence, 'the issue is whether, with all conflicts in the evidence

> resolved and all reasonable inferences drawn in favor of the nonmoving party, the record contains sufficient evidence from which a reasonable jury could find for the nonmoving party under the clear and convincing standard.'

*In re Allou Distributors*, *Inc.*, 446 B.R. 32, 49 (Bankr. E.D.N.Y. 2011)(citations omitted). When no genuine triable issues of material fact exist, the moving party is entitled to judgment as a matter of law and summary judgment should be granted. *Knight v. U.S. Fire Ins. Co.*, 804 F.2d 9, 11 (2d Cir. 1986).

The parties agree that there are no genuine triable issues of fact in dispute. Accordingly, summary judgment is appropriate in this instance.

At issue is whether a Form 1040 filed after the IRS has made an assessment against the debtor constitutes a tax return filed within the meaning of 11 U.S.C. § 523(a)(1)(B). The Court finds that the filing of a Form 1040 post-assessment does not constitute a tax return within the meaning of § 523(a)(1)(B).

Pursuant to 11 U.S.C. § 523(a)(1)(B), an individual debtor cannot discharge any debt for a tax or customs duty . . . with respect to which a return, or equivalent report or notice, if required . . . was not filed or given." 11 U.S.C. § 523(a)(1)(B)(i).

Prior to enactment of The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No. 109-8 § 714 (April 20, 2005), the Bankruptcy Code did not contain a definition of what constituted a "return" for purposes of section 523(a). Courts had adopted and applied a four part test set forth in *Beard v. Commissioner*, 82 T.C. 766, 744-49 (1984), *aff'd* 793 F.2d 139 (6th Circuit 1986) to determine whether a document filed with the IRS qualified as a "return" for tax purposes. *In re Colsen*, 446 F.3d 836, 839 (8th Cir. 2006); *In re Payne*, 431 F.3d 1050, 1057 (7th Cir. 2005); *In re Moroney*, 352 F.3d 902, 905 (4th Cir. 2003); *In re Hatton*, 220

F.3d 1057, 1060-61 (9th Cir. 2000); *In re Hindenlang*, 164 F.3d 1029, 1033-34 (6th Cir. 1999). Under the *Beard* test, for a document to be considered a "return" for tax purposes, it must (i) purport to be a return' (ii) be signed under penalty of perjury; (iii) contain sufficient data to permit a tax to be calculated; and (iv) evince an honest and genuine endeavor to satisfy the requirements of tax law. *Beard*, 82 T.C. at 777, 778.

A majority of the courts of appeal that have considered the issue of whether a Form 1040 filed by a debtor post-assessment by the IRS constitutes a "return" have held that a Form 1040 did not constitute a "return" for tax purposes because they found such filing lacked an honest and genuine endeavor by the debtor to satisfy the requirements of the tax law. *In re Payne*, 431 F.3d at 1057; *In re Moroney*, 352 F.3d at 906; *In re Hindenlang*, 164 F.3d at 1035. The tax laws in this country require taxpayers to calculate their income tax liability, and to report the amount owed in a timely manner and to pay the tax liability so as "to spare the tax authorities the burden of trying to reconstruct a taxpayer's income and income-tax liability without any help from him." *In re Payne*, 431 F.3d 1057. Where the taxing authorities have to prepare a substitute tax return as a result of a taxpayer's failure to comply with his/her tax reporting requirements, a Form 1040 filed by a taxpayer post-assessment would not evince any reasonable endeavor to satisfy the tax law and would serve no purpose even if such late filed Form 1040 results in an abatement of the assessed taxes. *In re Moroney*, 352 F.3d at 906. Accordingly, these courts have held that a post-assessment Form 1040 did not constitute a "return" for bankruptcy purposes and the tax liability owed to the IRS would not be dischargeable pursuant to Section 523(a)(1)(B). *In re Payne*, 431 F.3d 1058; *In re Moroney*, 352 F.3d at 907 (holding tax debt to be nondischargeable even if the debtor's late filed Form 1040 resulted in an abatement in the assessed taxes); *In re Hindenlang*,

164 F.3d at 1035. See also, *In re Shrenker*, 258 B.R. 82, 85 (Bankr. E.D.N.Y. 2001).

  The Plaintiff in this case argues that this Court should follow the Eighth Circuit which held that in determining whether a post-assessment Form 1040 evinces an honest and genuine attempt to satisfy the tax laws under the *Beard* test, the court should look only to the face of the document and not the intent or reasons behind the taxpayer's delinquency in timely filing such Form 1040. *In re Colsen*, 446 F.3d at 840. In *Colsen*, the Eighth Circuit found the post-assessment Form 1040 to contain sufficient information for the IRS to calculate the debtor's tax liability more accurately, thus resulting in an abatement of tax and interest. In holding that exceptions to discharge should be strictly construed in favor of debtors in order to provide debtors with a fresh start, that court held that a post-assessment Form 1040 constituted a "return" for purposes of section 523(a)(1)(B) and the debtor's tax liability was dischargeable.

  However, Plaintiff fails to note that as a result of the amendment to section 523(a) by BAPCPA in 2005 to include the definition of a "return", the Court no longer needs to determine whether a post-assessment Form 1040 satisfies the factors under the *Beard* test in order to be deemed a "return" for section 523(a) purposes. Section 523(a), as amended, includes the following unnumbered paragraph:

> [f]or purposes of this subsection, the term "return" means a return that satisfies the requirements of applicable nonbankruptcy law **(including applicable filing requirements)**. Such term includes a return prepared pursuant to section 6020(a) of the Internal Revenue Code of 1986, or similar State or local law, or a written stipulation to a judgment or a final order entered by a nonbankruptcy tribunal, but does not include a return made pursuant to section 6020(b) of the Internal Revenue Code of 1986, or a similar State or local law.

11 U.S.C. §523(a)(emphasis added).

  Bankruptcy courts dealing with the same issue in cases filed after the enactment of

BAPCPA have held that according to the plain reading of the Bankruptcy Code, a late filed Form 1040 would never qualify as a return for purposes of section 523(a) because it would not comply with the applicable filing requirements set forth in the Internal Revenue Code, unless the debtor consented to and signed a return prepared by the IRS pursuant to 26 U.S.C. § 6020(a). *Shinn v. Internal Revenue Service (In re Shinn),* Adv. No. 10-8139, 2012 Bankr. LEXIS 1218, 2012 WL 986752 (Bankr. C.D. Ill. Mar. 22, 2012); *Hernandez v. United States of America (In re Hernandez)*, Adv. No. 11-5126-C, 2012 Bankr. LEXIS 101, 2012 WL 78668 (Bankr. W.D. Tex. Jan.11, 2012); *Cannon v. United States of America (In re Cannon),* 451 B.R. 204 (Bankr. N.D. Ga. 2011); *Links v. United States of America (In re Links)*, Adv. No. 08-3178, 2009 Bankr. LEXIS 2921, 2009 WL 2966162 (Bankr. N.D. Ohio Aug. 21, 2009); *Creekmore v. Internal Revenue Service (In re Creekmore)*, 401 B.R. 748 (Bankr. N.D. Miss. 2008).  Similarly, the Fifth Circuit Court of Appeals has held in the context of a state income tax return that the debtor's failure to file his or her tax returns by the required filing deadline would render the relevant tax debt nondischargeable. *McCoy v. Mississippi State Tax Comm'n (In re McCoy)*, 666 F.3d 924 (5th Cir. 2012).  The fact that the IRS abated some of the assessed tax liability as a result of the late filed Form 1040 is irrelevant to the issue of whether such form constitutes a tax "return" for purposes of section 523(a). *In re Shinn,* 2012 Bankr. LEXIS 1218, 2012 WL 986752; *Cannon*, 451 B.R. 204; *Creekmore*, 401 B.R. 48.

The IRS also argues that the Court need not follow the other courts' harsh reading of the "applicable filing requirements" language in Section 523(a) to mean that tax debts are always nondischargeable whenever a Form 1040 is filed late. Rather, the IRS acknowledges that nondischargeability of a tax debt should be based upon whether the IRS had to make an

7

assessment of tax liability based upon a deficiency notice. Therefore, if a debtor files his Form 1040 in time to enable the IRS to assess the appropriate tax without having the IRS make an assessment based upon a deficiency notice, then under nonbankruptcy law, the tax debt to the United States would be dischargeable under Section 523(a)(1)(B)(i) even if the tax return upon which the assessment is based was filed late.

In this case, the Court need not address the issue of whether any late filed Form 1040 would always result in the tax debt for the relevant year being nondischargeable. Here, the Plaintiff clearly failed to file the Forms for the 2001 and 2002 tax years by the applicable filing deadlines and those Forms were filed after the IRS made its assessment with respect to the Plaintiff's tax liability for those years. *Smythe v. United States (In re Smythe)*, Adv. No. 11-04077, 2012 Bankr. LEXIS 1057, 2012 WL 843435 (Bankr. W.D. Wa. Mar. 12, 2012)(holding that the court need not resolve the differences between *McCoy* and the IRS's position as the debtors clearly failed to satisfy the "applicable filing requirements" where the tax forms were filed after the IRS made its assessment). Accordingly, the Forms filed by the Plaintiff cannot constitute tax returns for purposes of 11 U.S.C. § 523(a)(1)(B).

## CONCLUSION

Based upon the foregoing, the Plaintiff's tax liabilities to the IRS for the 2001 and 2002 tax years are nondischargeable pursuant to 11 U.S.C. § 523(a)(1)(B). However, as conceded by

Case 8-12-08005-dte    Doc 17    Filed 05/16/12    Entered 05/17/12 09:45:58

the IRS, the tax penalties owed to the IRS for the 2001 and 2002 tax years are dischargeable.

So Ordered.



Dated: Central Islip, New York  
May 16, 2012

Dorothy Eisenberg  
United States Bankruptcy Judge

9