**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------X

In re

JOSEPH CASANO,                                                   **ORDER**
                                                                  12-cv-03740 (ADS)
                        Debtor,
----------------------------------------------------------X

JOSEPH CASANO,

                        Appellant,

            -against-

INTERNAL REVENUE SERVICE, as agent for
the UNITED STATES OF AMERICA, and
NEW YORK STATE DEPARTMENT OF
TAXATION AND FINANCE,

                        Appellees.
----------------------------------------------------------X

**APPEARANCES:**

**Steinberg, Fineo, Berger & Fischoff P.C.**
*Attorneys for the Appellant*
40 Crossways Park Drive
Woodbury, NY 11797
            By:  Heath S. Berger, Esq.
                 Jessica Anne Gould, Esq., Of Counsel

**Department of Justice, Tax Division**
*Attorneys for the Appellee Internal Revenue Service*
Po Box 55, Ben Franklin Station
Washington, DC 20044
            By:  Sarah T. Mayhew, Trial Attorney

**NO APPEARNCE:**

NYS Department of Taxation and Finance

1

**SPATT, District Judge**.

On January 5, 2012, the Debtor Joseph Casano brought an adversary proceeding against the Internal Revenue Service, as agent for the United States of America ("IRS") and the New York State Department of Taxation and Finance, before United States Bankruptcy Judge Dorothy Eisenberg for the Bankruptcy Court for the Eastern District Court of New York (the "Bankruptcy Court"). In that adversary proceeding, Casano sought a declaratory judgment to determine the tax obligations he owed for the years 2001 and 2002. In particular, he believed that the tax obligations he owed constituted a dischargeable debt.

On May 16, 2012, Judge Eisenberg issued an order finding that the Plaintiff's tax liabilities to the IRS for the 2001 and 2001 tax years were nondischargeable pursuant to 11 U.S.C. § 523(a)(1)(B).

On July 30, 2012, Casano filed a notice of appeal from Judge Eisenberg's May 16, 2012 Order. On that same day, the Clerk of the Court issued a Notice of Docketing of Bankruptcy Appeal, which stated:

> In accordance with Rule 8007(b) of the Bankruptcy Rules, notice is hereby given of the docketing on 7/30/2012 of an appeal taken . . . from an order, judgment or decree of the Bankruptcy Court entered on or after 5/16/2012 . . .
> Filing and service of briefs and appendix are to be accomplished in accordance with Rule 8009 of the Bankruptcy Rules and/or the Individual Judge's Court Rules.

(Docket Entry No. 2.) Accordingly, the Appellant's brief was to be served and filed within 14 days after the entry of the appeal on the docket; the Appellee's brief was to be served and filed within 14 days after being served of the brief of the Appellant; and the Appellant's reply was to be served and filed within 14 days after the service of the brief of the Appellee. See Federal Rule of Bankruptcy Procedure 8009.

2

The Appellant failed to serve and file its brief within 14 days after entry of the appeal on the docket. One week after the brief was to be served and filed, the Appellant filed a letter motion with this Court, seeking a request for an extension of time to file its brief until September 20, 2012, with the consent of the IRS. However, the Appellant once again failed to serve and file its brief by the relevant deadline, and has also not requested this Court to grant a further extension.

Therefore, on October 22, 2012, the Court directed the Appellant to advise the Court within ten days of the date of the Order if he wished to pursue the appeal, and if so, to explain the reason for his delay. The Appellant has failed to do so.

"This time limitation is not jurisdictional; rather 'the court should exercise discretion to determine whether dismissal [due to failure to timely file a brief] is appropriate in the circumstances, and its decision to dismiss will be affirmed unless it has abused its discretion.'" Burgos v. Pergament, No. 11 Civ. 5257, 2012 WL 3929953, at *4 (E.D.N.Y. Sept. 10, 2012) (quoting Balaber–Strauss v. Reichard (In re Tampa Chain Co.), 835 F.2d 54, 55 (2d Cir. 1987) (per curiam); see also Fed. R. Bankr. P. 8001(a) ("An appellant's failure to take any step other than timely filing a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the district court or bankruptcy appellate panel deems appropriate, which may include dismissal of the appeal.").

"Among the factors that the Court may consider in determining if dismissal is appropriate is whether there is a showing of bad faith, negligence, or indifference." Id. As a general matter, this Court may permit the late filing of a brief where the failure to file it in a timely fashion is the result of excusable neglect. See In re Bucurescu, 01 Civ. 2799, 2003 U.S. Dist. LEXIS 9341, at *5 (S.D.N.Y. June 4, 2003) (citing Fed. R. Bankr. P. 9006(b)(1)(2)). "A court should consider

3

all relevant circumstances when applying the 'excusable neglect' standard, including 'the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was in the reasonable control of the movant, and whether the movant acted in good faith.'" Id. at *5–6 (quoting Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395, 113 S. Ct. 1489, 123 L. Ed. 2d 74 (1993)).

Here, the Court has provided the Appellant with an opportunity to explain the reason for its failure to file its brief. However, the Appellant has ignored this Court's directive and there is no basis for a finding of excusable neglect. Therefore, the Court now dismisses this bankruptcy appeal due to the Appellant's negligence or indifference. The Clerk of the Court is respectfully directed to mark this case as closed.

**SO ORDERED.**

Dated: Central Islip, New York
November 19, 2012

                                                                                                             */s/ Arthur D. Spatt*
                                                                                     ARTHUR D. SPATT
                                                                      United States District Judge